STATE, CENTRAL RAILROAD COMPANY, PROSECUTORS, v.
MUTCHLER, COLLECTOR OF TAXES OF THE FIRST
WARD OF THE TOWN OF PHILLIPSBURG, IN THE
COUNTY OF WARREN.

1. The first section of the act entitled "An act to establish just rules for
the taxation of railroad corporations, and to induce their acceptance
and uniform adoption," approved April 2d, 1873, (*Rev., p.* 1166,) ex-
empts from township and municipal taxation the main stem or road
bed and track of such corporations, not exceeding one hundred feet in
width.

2. Under the above act, the Central Railroad Company of New Jersey is
not taxable for county, township or municipal purposes, for a railroad
bridge over the Delaware river at Phillipsburg, which was erected by
the Lehigh Coal and Navigation Company, a corporation of the State
of Pennsylvania, under permission granted by the legislature of this
state; the said bridge being leased to the former company, and being
used by it as part of its line of railroad, and being, with its piers and
abutments, less than one hundred feet in width.

On *certiorari.* In matter of taxation.

Argued at November Term, 1878, before Justices DAL-
RIMPLE, DEPUE and SCUDDER.

For the prosecutor, *J. Vanatta.*

For the defendant, *C. F. Fitch.*

The opinion of the court was delivered by

DEPUE, J. An assessment of taxes for county and munici-
pal purposes was made against the prosecutor in the town of
Phillipsburg for so much of the railroad bridge across the
Delaware river at that place as is within the State of New
Jersey. The piers, abutments and superstructure of the bridge,
to the middle line of the river, are within this state. *State* v.
*Metz,* 5 *Dutcher* 122.

The prosecutor contends that this property is exempt from

county, township and municipal taxation, by force of the first section of the act entitled "An act to establish just rules for the taxation of railroad corporations, and to induce their acceptance and uniform adoption," approved April 2d, 1873, *Rev., p.* 1166.

The bridge in question was built by the Lehigh Coal and Navigation Company, a corporation of the State of Pennsylvania. Permission to erect said bridge was granted by the legislature of this state, by the act of April 6th, 1865. *Pamph. L., p.* 870. It was leased to the prosecutor under a perpetual lease, dated March 31st, 1871, and made under competent legislative authority, which lease is still in force.

The first section of the act for the taxation of railroad corporations, of April 2d, 1873, above referred to, exempts from county, township and municipal taxation "the main stem or road bed and track" of such corporations, "not exceeding one hundred feet in width." This last-mentioned act was modified by the act of April 13th, 1876, which was in turn explained by the subsequent act of April 21st, 1876, (*Rev., pp.* 1168, 1178,) but the act of April 2d, 1873, was not repealed. Its provisions, except so far as altered by the acts of 1876, are still in force. In the respects mentioned it is still in force, and lands held by such corporations within the prescribed limits are exempt from taxation for county, township and municipal purposes, if used exclusively for railroad purposes. This construction is apparent from the language in which the legislative intent is expressed. It purports to establish a uniform rule of taxation on this subject. A uniform rule must necessarily be the only rule applicable to the entire class of subjects embraced within the purview of the statute, and by implication it supersedes and excludes all other rules on the same subjects. *State, M. & E. R. R. Co., pros.,* v. *Commissioners of Railroad Taxation,* 8 *Vroom* 228; *S. C.,* 9 *Id.* 472.

The act of 1873 is expressly made applicable "to all railroad corporations or companies occupying or using railroads in this state, whether as lessees or otherwise." The state of the case agreed on shows that the bridge was used by the

prosecutor as a railroad bridge, and for no other purposes. It was part of the prosecutor's railroad, and the width of the bridge and piers was less than one hundred feet. It was also held and used by the prosecutor as lessee within the meaning of the act of 1873. By force of the provision of that act, the prosecutor is exempt from taxation upon it for the purposes for which this assessment was imposed.

The assessment should be set aside.